United States District Court
Southern District of Texas
**ENTERED**
December 20, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| BLANCA SILVA-CORONA, § <br> Petitioner, § <br> § <br> v. § <br> § <br> UNITED STATES OF AMERICA, § <br> Respondent. § | Civil Action No. 1:16-cv-294 <br> (Criminal No. 1:14-cr-444-1) |

### ORDER ADOPTING MAGISTRATE
### JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the "Magistrate Judge's Report and Recommendation" (Docket No. 5) in the above-captioned case. The Magistrate Judge's Report and Recommendation (hereafter "R&R") recommends that Blanca Silva-Corona's (hereafter "Petitioner") "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Docket No. 1) be dismissed with prejudice because Petitioner fails to state a cognizable § 2255 claim. Docket No. 5 at 1. For the reasons stated below, the Magistrate's R&R (Docket No. 5) is **ADOPTED** and Petitioner's § 2255 motion (Docket No.1) is **DISMISSED** with prejudice.

On December 15, 2016, Petitioner timely objected to the R&R, arguing that probation failed to apply a "minor role" reduction to her case and that Amendment 794 applies retroactively to cases on direct appeal. Docket No. 8 at 2.

First, Petitioner's argues that she was not considered for a "minor role" reduction, as permitted by Amendment 794. Dkt. No. 8. Petitioner's conviction record indicates otherwise. Petitioner's Presentence Report (hereafter "PSR") indicates that she was "an average participant, a courier, instrumental in the

commission of the instant offense." *United States of America v. Blanca Esthela Silva-Corona*, 1:14-cr-00444, Docket No. 53.[1] In sentencing Petitioner, the Court made only one change to the PSR: it found that a two-level enhancement for importation of meth was unwarranted. CR Docket No. 76. Besides this favorable change, the Court adopted the PSR in full, meaning it agreed that Petitioner was an average petitioner, not a minor player. *See Id.*

Furthermore, Petitioner's challenge to the Court's finding that she was an average participant does not give rise to a cognizable § 2255 claim. A court's technical application of the sentencing guidelines does not give rise to a cognizable § 2255 claim. *United States v. Arias-Lopez*, No. CA C-12-148, 2013 WL 628694, at *4 (S.D. Tex. Feb. 19, 2013); *see also United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curium) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue."). Thus, Petitioner's first argument fails.

Lastly, Petitioner argues that Amendment 794 applies retroactively to cases on direct appeal. Docket No. 8 at 2. Whether or not the Amendment 794 applies on direct appeal is not relevant to Petitioner's case. Petitioner is collaterally challenging her conviction under 28 U.S.C. § 2255. Moreover, Petitioner was sentenced on March 2, 2016— several months after Amendment 794 took effect on November 1, 2015—meaning the Amendment was in effect at the time of her sentencing. Thus, Petitioner's second argument also fails.

Therefore, the Magistrate's R&R (Docket No. 5) is **ADOPTED**. It is further **ORDERED**, **ADJUDGED**, and **DECREED** that Petitioner's § 2255 motion

---

[1] Hereafter Petitioner's criminal case docket entries will be referred to as "CR Docket No."

(Docket No. 1) is **DISMISSED** with prejudice. A certificate of appealability shall not issue.

Signed on this 20th day of December, 2016

_____
Rolando Olvera
United States District Judge